IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE EARLS, | CV F 06-0305 AWI SMS |
| Plaintiff, | ORDER VACATING MAY 15, 2006 HEARING DATE |
| v. | ORDER DENYING MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT AS MOOT |
| CITY OF CLOVIS, OFFICER LUJAN, and DOES 1 through 10, inclusive, | ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT |
| Defendants. | (Document #6) |

**BACKGROUND**

On April 11, 2006, Defendants filed a motion to dismiss the complaint or for a more definite statement.

On April 20, 2006, Plaintiff filed a response to Defendant's motion. Plaintiff states that Plaintiff will amend the complaint in several respects, including removing class allegations, removing Chief Zulin as a Defendant, and dropping claims based on 42 U.S.C. § 1985. Along with his response, Plaintiff provided the court with a copy of his proposed amended complaint.

**DISCUSSION**

Before resolving the merits of Defendant's pending motion to dismiss, the court must address the issue of a possible amended complaint. Rule 15(a) of the Federal Rules of Civil Procedure provides that a "party may amend the party's pleading once as a matter of course at any

time before a responsive pleading is served. . . . Otherwise a party may amend only by leave of court. . . ."  A motion to dismiss for failure to state claim is not a "responsive pleading" that would terminate a plaintiff's right to amend the complaint. <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir.1995); <u>Schreiber Distrib. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir.1986); <u>Mayes v. Leipziger</u>, 729 F.2d 1389 605, 607 (9th Cir.1984); <u>Breier v. Northern California Bowling Proprietors' Ass'n</u>, 316 F.2d 787, 789 (9th Cir.1963).   Because Defendants did not file a responsive pleading, but only a motion to dismiss, Plaintiff does not need leave of court to file an amended complaint. <u>See</u> <u>Allwaste, Inc. v. Hecht</u>, 65 F.3d 1523, 1530 (9th Cir. 1995); <u>Doe</u>, 58 F.3d at 497.   Once filed, the amended complaint supersedes the original complaint in its entirety, and the court will proceed with the amended complaint. <u>See</u> <u>London v. Coopers & Lybrand</u>, 644 F.2d 811 (9th Cir.1981); <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Defendants' motion addressing the original complaint becomes moot once the amended complaint is filed.   To avoid any unnecessary work by the parties and the court, the court will direct Plaintiff to file the amended complaint, deny the motion to dismiss directed at the original complaint as moot, and allow Defendants the opportunity to file a motion to dismiss or any other response to the amended complaint.

**ORDER**

Accordingly, the court orders that:

1. The previously set hearing date of May 15, 2006, is VACATED, and the parties shall not appear at that time;
2. Defendants' motion to dismiss or for a more definite statement is DENIED as moot;
3. Plaintiff shall file his proposed amended complaint within ten days of this order's date of service;
4. Defendants SHALL FILE a response to the amended complaint within twenty days of the date Plaintiff files his amended complaint; and

2

5.   Plaintiff is forewarned that Plaintiff's failure to comply with this order may result in sanctions, up to dismissal of this action for Plaintiff's failure to prosecute.

IT IS SO ORDERED.

Dated:   **May 2, 2006**              **/s/ Anthony W. Ishii**
0m8i78                          UNITED STATES DISTRICT JUDGE

3